**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 15 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RONALD COSBY,

      Defendant-Appellant.

No. 98-1420
(D.C. No. 97-CR-274-WM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

Defendant-Appellant Ronald Cosby appeals from his sentence for conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# BACKGROUND

On February 20, 1998, pursuant to a plea agreement under Fed. R. Crim. P. 11(e)(1)(C), Mr. Cosby pled guilty to a single count of conspiracy to "possess with intent to distribute cocaine base." The plea agreement stipulated that the "amount of cocaine base is more than 50 grams but less than 150 grams," and established a base offense level of 32 under U.S.S.G. § 2D1.1 for the violation. Cosby's plea agreement further stipulated that career offender enhancements applied to his case, which automatically elevated the offense level to 37. The agreement acknowledged that Cosby deserved a 3-level downward adjustment for acceptance of responsibility, resulting in an adjusted offense level of 34. Given his criminal history category of VI, Cosby faced a range of 262 - 327 months' imprisonment. However, in exchange for Cosby's substantial assistance, the government agreed to a sentence of 144 months' imprisonment, pursuant to Fed. R. Crim. P. 11(e)(1)(C) and U.S.S.G. § 5K1.1.[1] The court accepted the plea agreement and sentenced Cosby to 144 months. Cosby now appeals, contending that the government was required to prove that the cocaine base at issue was specifically "crack" cocaine for purposes of calculating his base offense level.

---

[1]At Cosby's sentencing hearing, the prosecutor informed the court that he had arrived at 144 months by ignoring the applicable career offender enhancements and further reducing the applicable sentencing range by approximately 25%.

## DISCUSSION

In 1993, the Sentencing Commission amended U.S.S.G. § 2D1.1(c) regarding the definition of "cocaine base":

Section 2D1.1(c) is amended in the notes following the Drug Quantity table by inserting the following additional paragraph as the third paragraph.

"'Cocaine base,' for the purposes of this guideline, means 'crack.' 'Crack' is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form."

This amendment provides that, for purposes of the guidelines, "cocaine base" means "crack." The amendment addresses an inter-circuit conflict. Compare, e.g., United States v. Shaw, 936 F.2d 412 (9th Cir. 1991) (cocaine base means crack) with United States v. Jackson, 968 F.2d 158 (2d Cir.) (cocaine base has a scientific, chemical definition that is more inclusive than crack), cert. denied, 113 S. Ct. 664 (1992). Under this amendment, forms of cocaine base other than crack (e.g., coca paste, an intermediate step in the processing of coca leaves into cocaine hydrochloride, scientifically is a base form of cocaine, but it is not crack) will be treated as cocaine. **The effective date of this amendment is November 1, 1993.**

U.S.S.G. App. C, Amend. 487 (November 1, 1993), quoted in United States v. Kissick, 69 F.3d 1048, 1051-52 (10th Cir. 1995).

In response to the <u>Anders</u> brief filed by his appointed counsel,[2] Cosby acknowledges that he pled guilty to cocaine base, but submits that because the guidelines contemplate the existence of more than one form of cocaine base, yet for sentencing purposes, define "cocaine base" as "crack," the government should be required to demonstrate that the "cocaine base" for which he was charged actually met the guideline definition (<u>i.e.</u>, that it was in fact crack) in order to subject him to heightened sentencing ranges for crack.

Cosby relies principally on <u>United States v. James</u>, 78 F.3d 851 (3d Cir.), <u>cert. denied</u>, 519 U.S. 844 (1996), which held that a sentencing court erred in its application of crack cocaine sentencing enhancements in the absence of proof by a preponderance of the evidence that the form of cocaine base sold by the defendant was actually crack. <u>See id</u>. at 858. Cosby maintains that he pled guilty to conspiracy to possess with intent to distribute "cocaine base," not "crack." He notes that his indictment refers to "cocaine base;" that his plea agreement refers to the relevant drug quantity in terms of "cocaine base;" and that when he was asked by the court at his change of plea hearing if he understood the charges

_____

[2]Cosby's counsel filed an <u>Anders</u> brief in this appeal, <u>see</u> <u>Anders v. California</u>, 386 U.S. 738 (1967), as well as a motion to withdraw, acknowledging that Cosby wished to appeal on grounds that the government failed to prove that the controlled substance at issue was crack cocaine, but contending that Cosby's stipulations in the plea agreement fulfilled the government's burden for sentencing purposes.

- 4 -

against him, he replied that he understood that the controlled substance at issue was "cocaine base." He further points out that the government did not submit lab results or testimony identifying the cocaine base as "crack." As a result, he contends his base offense level, from which his ultimate sentence was negotiated, was improperly calculated based on amounts of crack cocaine.

Cosby filed a pro se "Motion for Downward Departure at Sentencing" which incorporated the argument he now raises on appeal. However, Cosby's counsel later formally withdrew Cosby's pro se motion prior to sentencing. At sentencing, Cosby stated to the court that he had not wanted his counsel to withdraw the motion, and that in fact he wished for the court to consider the arguments he had raised in that motion. Cosby acknowledged to the court that he understood he had pled guilty in exchange for a sentence of 144 months, (Sent. Tr. 9), but stated that he was nonetheless asking the court to "consider giving [him] less time." (Id.)

We find that Cosby's remarks to the court during sentencing were statements of allocution urging the court to exercise its discretion to depart further from the agreed upon 144 months. A motion for anything other than allocution was formally withdrawn by Cosby's counsel prior to sentencing. The specific issue now before us was not adequately preserved below, and thus, we review it only for plain error.

After a thorough review of the record, we believe that Cosby conceded that the substance at issue was in fact crack cocaine. First, Cosby made no objections to the presentence report's calculation of his sentence and base offense level based on the enhanced provisions for crack cocaine. Second, Cosby signed a plea agreement that established the applicable base offense level at 32, which could only be reached if the substance were considered crack cocaine, not some other form of cocaine. Third, prior to filing his (later withdrawn) Motion for Downward Departure, defendant filed a Sentencing Memorandum in which he implicitly acknowledged that he had sold crack cocaine to law enforcement officers. Specifically, the Memorandum argued that "drug agents first worked with a confidential informant to talk and entrap the Defendant into selling 'crack cocaine' when he was not disposed to do so, and secondly, that once they had him selling 'crack,' that they continued the undercover transactions against him until they reached a sufficient amount to qualify the Defendant for the statutory mandatory minimum sentence of ten years."

Taken together, we find that these concessions were sufficiently strong that the district court did not plainly err in failing to address on its own the issue Cosby now raises in this court.

We conclude that Cosby's counsel properly filed an Anders brief in this case. We have considered Cosby's arguments raised in his response to the Anders

- 6 -

brief and found them to be without merit.  Because there is no basis for appeal,

appellant's motions for appointment of new counsel and for production of

laboratory reports are denied.  Counsel's request for leave to withdraw is granted.

AFFIRMED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge